# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

J & J SPORTS PRODUCTIONS, INC.,

   Plaintiff,

     v.

ROSE'S DREAM, INC.,

   Defendant.

Civil Action No. 09–1533 (CKK)

## MEMORANDUM OPINION
(June 25, 2010)

Plaintiff J & J Sports Productions, Inc. brings this action against Defendant Rose's Dream, Inc. for allegedly interfering with Plaintiff's contractual right to distribute the live broadcast of the 2007 Bernard Hopkins vs. Ronald Wright championship boxing match. Plaintiff alleges that Defendant intercepted the satellite or cable feed of the match and exhibited it to patrons at Rose's Dream Bar & Lounge at 1370 H Street, NE in Washington, D.C., in violation of 47 U.S.C. §§ 553, 605(a), and 605(e)(4). Presently pending before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendant argues that Plaintiff has failed to assert a proper basis for subject matter jurisdiction in the complaint and that Plaintiff lacks standing to file suit in the District of Columbia because it is an unregistered foreign corporation. For the reasons explained below, the Court shall DENY Defendant's Motion to Dismiss.

## I. BACKGROUND

Plaintiff is a corporation involved in sports production. *See* Compl. ¶ 5. Plaintiff acquired the right to distribute the live broadcast of the Bernard Hopkins vs. Ronald Wright

championship boxing match, which took place on July 21, 2007. *Id.* ¶ 8. The broadcast was transmitted via closed circuit television and/or via encrypted satellite signal and was subsequently re-transmitted to cable systems and satellite companies via satellite signal. *Id.* Plaintiff incurred significant costs in securing the contract to license the broadcast to various entities within the District of Columbia, who made agreements with Plaintiff to publicly exhibit the match to their patrons and to not sub-license transmission of the broadcast feed. *Id.* ¶ 9.

Plaintiff alleges that Defendant knew or should have known that the broadcast was not to be received and exhibited by entities unauthorized to do so. Compl. ¶ 10. Plaintiff alleges that Defendant violated Plaintiff's rights by unlawfully intercepting, receiving, and/or descrambling the satellite or cable signal and willfully exhibiting the broadcast for commercial advantage or private financial gain to patrons at Rose's Dream Bar & Lounge, located at 1370 H Street, NE, Washington, D.C. *Id.* Plaintiff alleges that Defendant used an illegal satellite receiver and intercepted Plaintiff's signal and re-transmitted via satellite or microwave signal to various cable and satellite systems. *Id.* ¶ 11. Plaintiff further alleges that Defendant knowingly modified or used equipment or a device which it knew (or had reason to know) would be used primarily in the assistance of the unauthorized decryption of satellite cable programming. *Id.* ¶ 17. Plaintiff alleges that Defendants' conduct violates 47 U.S.C. §§ 553, 605(a), and 605(e)(4). Plaintiff seeks statutory damages, injunctive relief, and attorneys' fees and costs.

## II. LEGAL STANDARD

Defendant has moved for dismissal of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). A court must dismiss a case pursuant to Rule 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the

2

complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coalition for Underground Expansion*, 333 F.3d at 198 (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. Envtl. Prot. Agency*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted).

### III. DISCUSSION

Defendant raises two arguments why Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction. First, Defendant argues that Plaintiff failed to properly allege a basis for federal jurisdiction in the Complaint. Second, Defendant argues that Plaintiff is barred from bringing this action because it has failed to register as a foreign corporation as required by D.C. law. The Court shall address each of these issues in turn.

3

### A. Alleging a Proper Basis for Federal Jurisdiction

Defendant argues that the jurisdictional allegations in the Complaint do not state a basis for federal jurisdiction because they state only that the amount in controversy exceeds $100,000 and that Defendant's principal place of business is in the District of Columbia, and those facts are insufficient to establish either diversity or federal question jurisdiction. Defendant does not dispute that subject matter jurisdiction may exist but contends that Plaintiff is required to amend its Complaint to include a proper jurisdictional allegation. *See* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain: (a) a short and plain statement of the grounds for the court's jurisdiction . . . .") However, Defendant's argument is overly technical; courts will not dismiss a complaint for lack of subject matter jurisdiction where the basis for jurisdiction is clear from the face of the complaint. *See Nat'l Air Traffic Controllers Ass'n v. Fed. Serv. Impasses Panel*, No. 08-5479, 2010 WL 2160832, at *6 (D.C. Cir. June 1, 2010) (holding that courts are not restricted to the asserted basis for jurisdiction if the factual allegations support an alternative basis for jurisdiction); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 5 (1st Cir. 1999) ("Affirmative pleading of the precise statutory basis for federal subject matter jurisdiction is not required as long as a complaint alleges sufficient facts to establish jurisdiction.")

It is clear from the face of the Complaint that the Court has subject matter jurisdiction over this case. Plaintiff's causes of action arise under a federal statute and therefore fall within the grant of jurisdiction in 28 U.S.C. § 1331, the so-called "federal question" jurisdiction statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Therefore, dismissal for lack of subject matter jurisdiction is inappropriate.

B. *Standing to Sue Under D.C. Law*

Defendant contends that Plaintiff lacks standing to bring this action because Plaintiff is not authorized to do business in the District of Columbia and D.C. law prohibits unregistered corporations from filing suit in the District of Columbia courts. Defendant's argument is based on two statutory provisions in the D.C. Code. First, D.C. Code § 29-101.99 requires that "[a] foreign corporation shall procure a certificate of authority from the Mayor before it transacts business in the District . . . ." D.C. Code § 101.99(a). Second, D.C. Code § 29-101.119 provides that "[n]o foreign corporation which is subject to the provisions of this chapter and which transacts business in the District without a certificate of authority shall be permitted to maintain an action at law or in equity in any court of the District until such corporation shall have obtained a certificate of authority. . . ." D.C. Code § 101.119(a). Defendant argues that Plaintiff is a foreign corporation transacting business in the District of Columbia without a certificate of authority and therefore is barred by these statutes from bringing this action.

Whether or not J & J Sports Production, Inc. has transacted business in the District of Columbia without a certificate of authority, the D.C. Code provisions relied upon by Defendant do not control this Court's federal jurisdiction over this case. As Judge Ellen S. Huvelle recently explained in a similar case involving the same Plaintiff, these statutes "are not triggered in this case because plaintiff's cause of action is not derivative of, and therefore is not precluded by, District of Columbia law." *J &J Sports Prods., Inc. v. Humphries Enters., LLC*, No. 10-cv-266, 2010 WL 2222395, at *2 (D.D.C. June 4, 2010). Plaintiff's claims are based on federal statutes, and District of Columbia law cannot limit the jurisdiction of federal courts to hear such federal claims. *Id.*; *Jane Lyons Advertising, Inc. v. Cook*, Civ. A. No. 97-01069, 1998 WL 164775, at *

5

4 (D.D.C. Mar. 31, 1998) (holding that such "door closing statutes" do not restrict federal courts exercising federal question jurisdiction). For the same reason, Plaintiff's claims are not barred by *Truitt v. Miller*, 407 A.2d 1073 (D.C. 1979), which states that "a contract made in violation of a licensing statute that is designed to protect the public will usually be considered void and unenforceable." 407 A.2d at 1079.[1] Plaintiff's claims in this case are that Defendant has violated 47 U.S.C. §§ 553 and 605, and those statutes provide that "[a]ny person aggrieved by any violation of [these sections] may bring a civil action in a United States district court . . . ." 47 U.S.C. §§ 553(c)(1), 605(e)(3)(A). Therefore, Plaintiff has standing under federal law to bring his claims.

### IV. CONCLUSION

For the foregoing reasons, the Court shall DENY Defendant's [8] Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court shall hold an initial scheduling conference with the parties to set a schedule for proceeding with discovery. An appropriate Order accompanies this Memorandum Opinion.


Date:   June 25, 2010

                                             /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge

---

[1] Defendant's reliance on *A. Tasker, Inc. v. Amsellem*, 315 A.2d 178 (D.C. 1974), and *BDC Capital Properties, LLC v. Trinh*, 307 F. Supp. 2d 12 (D.D.C. 2004), is similarly inapposite, as those cases involved the application of D.C. law, not federal law.